UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON TRUST ADVISORS, INC., <br>            Plaintiff, <br><br>            v. <br><br> SUSAN K. ARNOLD, RONALD D. HALTERMAN, BRETT C. LONERGAN, NICHOLAS T. ROSSIE, PRIVATE ADVISOR GROUP, LLC, and NORTHWARD FINANCIAL GROUP, <br>            Defendants. | No. 22-cv-11847-PBS |

**MEMORANDUM AND ORDER ON INDIVIDUAL DEFENDANTS' MOTION TO STRIKE SUMMONS IMPROPERLY SERVED ON NON-PARTY NORTHWARD FINANCIAL GROUP, LLC**

CABELL, U.S.M.J.

In this trade secrets case, the plaintiff Washington Trust Advisors, Inc. ("the plaintiff"), which provides wealth management and financial advisory services, has filed suit against four former employees, defendants Susan K. Arnold, Ronald D. Halterman, Brett C. Lonergan ("Lonergan"), and Nicholas T. Rossi (collectively "the Individual Defendants") as well as Private Advisor Group, LLC ("PAG"). The plaintiff claims that the Individual Defendants misappropriated the plaintiff's trade secrets, solicited its customers, and violated the Individual Defendants' employment agreements by working for a competing business after their

September 2022 resignations. The complaint also names Northward Financial Group ("NFG") as a party.

Pending before the court is the Individual Defendants' motion to strike a summons served on Northward Financial Group, LLC ("NFG LLC"). (D. 48). They submit NFG LLC is not a named defendant in the complaint. Rather, the complaint names "Northward Financial Group" without the LLC suffix in the case caption, and elsewhere throughout the complaint. (D. 1). Relatedly, the Individual Defendants argue that NFG LLC did not exist at the time the plaintiff filed the complaint on October 28, 2022. (D. 48, 62). Absent an amendment of the complaint naming NFG LLC as well as service of a summons and the amended complaint on NFG LLC, the Individual Defendants assert that NFG LLC is not a party and has no obligation to answer the complaint. (D. 48, 62).

The plaintiff argues in opposition that NFG LLC is the proper party and the complaint's reference to NFG constitutes an "excusable misnomer" as opposed to "a mistake as to the party." (D. 54). Hence, there is no need to amend the complaint to add NFG LLC as the proper party in lieu of NFG, according to the plaintiff.[1] The plaintiff blames the misnomer on the "Defendants' counsel's refusal to furnish basic information and to correct Defendants' misrepresentations." (D. 54).

---

[1] If, however, the court allows any part of the motion, the plaintiff requests "that the Court also grant leave to amend." (D. 54).

In the court's view, because NFG did exist in some form at the time the plaintiff filed the complaint, whereas NFG LLC did not, the complaint's identification of NFG as one of the two corporate defendants is not a misnomer. For this and other reasons, the motion to strike is allowed. The plaintiff may file a motion for leave to amend the complaint to name NFG LLC and, upon being allowed, then serve NFG LLC with a new summons and the amended complaint.

## I. BACKGROUND

The plaintiff, a Massachusetts corporation headquartered in Wellesley, Massachusetts, provides wealth management and financial advisory services to high net-worth individuals and business entities through a team of wealth advisors. (D. 1, ¶¶ 15, 25). On September 23, 2022, all four of the Individual Defendants, who served as wealth advisors, resigned from their employment with the plaintiff. Prior to their resignations, the Individual Defendants were responsible for managing a majority of the plaintiff's client portfolios and assets under management serviced out of the Wellesley office. (D. 1, ¶ 19). Their resignation letters uniformly stated "they are 'joining Northward Financial Group of Private Advisor Group'" in Needham, Massachusetts. (D. 1, ¶ 16).

At the time the plaintiff filed the October 28, 2022 complaint, PAG and NFG maintained separate websites. (D. 1-3, 1-4). NFG's website unerringly stated that "Private Advisor Group

3

and Northward Financial Group are separate entities." (D. 1-4). Given this backdrop, the complaint identifies NFG in the caption and describes NFG in the parties' section as follows:

> Upon information and belief, Defendant Northward Financial Group, by its own representations, is a separate entity in unspecified corporate form distinct from but affiliated, in some undisclosed manner, with Private Advisor Group, LLC. Northward Financial Group is headquartered at 197 First Avenue, Suite 340, Needham, MA 02494, but a diligent search of the Secretary of the Commonwealth of Massachusetts business entity database revealed no registered entity with the name "Northward Financial Group."

(D. 1, ¶ 7).[2]

In a November 2, 2022 email to the plaintiff's counsel, the Individual Defendants' counsel represented that "NFG is not an entity." (D. 48-1, p. 3). In an email the next day to the plaintiff's counsel, PAG's counsel concurred that NFG was "a DBA of PAG only." (D. 48-1, p. 2).

On November 14, 2022, a certificate of organization was filed for NFG LLC with the Secretary of the Commonwealth of Massachusetts. (D. 54-3, p. 2). Unaware of the certificate, the plaintiff's counsel circulated a proposed stipulation four days later agreeing to dismiss NFG in light of the representations by the Individual Defendants' counsel and PAG's counsel that NFG was a business alias for PAG and not a separate entity. (D. 54-2). After receiving the stipulation, PAG's counsel advised the

---

[2] The complaint describes PAG, a registered investment advisor, as doing "business under the alias Northward Financial Group." (D. 1, ¶ 6).

4

plaintiff's counsel about the certificate.   (D. 54-3, p. 2). Thereafter, the Individual Defendants failed to respond to several emails from the plaintiff's counsel asking them if they represented NFG LLC.[3]  On December 19, 2022, the plaintiff served Lonergan, an NFG LLC partner, with a summons for NFG LLC and the complaint. (D. 48-2, pp. 4-5) (D. 43).

## II.  DISCUSSION

As noted, the plaintiff argues that the complaint's references to NFG constitute an "excusable misnomer" as opposed to "a mistake as to the party."  (D. 54).  Further, the plaintiff asserts that it intended NFG LLC "to be one of the defendants" in this action and the plaintiff served NFG LLC with the summons and the complaint.  (D. 54).  In addition, NFG LLC was on notice of the claims, and "there are no operative facts in the Complaint that would need to be added or amended as between NFG and NFG LLC," according to the plaintiff.  (D. 54).  The Individual Defendants argue that the plaintiff should amend the complaint to name NFG LLC because it did not exist at the time the plaintiff filed the complaint.  (D. 48, 62).

The "misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it."

---

[3] PAG's counsel previously advised the plaintiff's counsel that PAG did not represent NFG LLC.  (D. 48-2, p. 6).

*Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000);[4] *accord AMI Glob. Meeting Solutions, Inc. v. Fin. Brand, LLC*, Case No. 16-61072-CIV-ZLOCH, 2016 WL 9347150, at *1 (S.D. Fla. Sept. 28, 2016) (describing misnomer as a "pleading that identified the right party by the wrong name") (citation omitted).  A misnomer in naming a corporation in a complaint, however, does not apply to an entity that did not exist at the time a lawsuit was filed.  *See AMI Global*, 2016 WL 9347150, at *1 (explaining that "adding The Financial Brand, LLC" as defendant was not merely to correct misnomer in original complaint naming "doing-business-as name, The Financial Brand," and that misnomer "has no application here" because "Defendant The Financial Brand, LLC, did not exist at the time Plaintiff initiated this lawsuit.") (rejecting plaintiff's argument that "Defendant The Financial Brand, LLC, was added to the case merely to correct a misnomer").  Here, as in *AMI Global*, NFG LLC came into existence after the plaintiff filed suit.  *See id.* ("Defendant Pilcher formed The Financial Brand, LLC" five months after the plaintiff filed the complaint.).

The plaintiff nevertheless argues that NFG LLC was properly served and had notice of the complaint.  (D. 54).  As support, the plaintiff quotes *Hennessey v. Stop & Shop Supermarket Co.*, 836 N.E.2d 1135 (Mass. App. Ct. 2005), which explains that two factors

---

[4] *Roberts* applied the misnomer principle to an existing corporation.  *Roberts*, 219 F.3d at 777, 779.

denote misnomers in federal cases: "first, the complaint clearly indicates the intended defendant; and second, the plaintiff effectuates service upon the intended defendant or his agent." *Id.* at 1138-1139. Relatedly, as also stated in *Hennessey*, "Federal courts apply the so-called 'misnomer rule' when a plaintiff has actually sued and served the correct defendant, but mistakenly used the wrong name of that defendant." *Id.*; *see also Boliden Metech,* 140 F.R.D. 254, 257 (D.R.I. 1991) (quoting 6A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 1498.2 (3d ed. 2010)) (explaining, in context of Fed. R. Civ. P. 15(c) amendment, that "misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect").

Here, the complaint does not "clearly indicate[] the intended defendant" as NFG LLC. *Hennessey*, 836 N.E.2d at 1138. The caption names NFG. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). "A complaint's caption," however, "is not dispositive of the identity of the parties if it is clear from the body of the complaint who the actual defendant is." *Boliden Metech,* 140 F.R.D. at 257 (addressing misnomer); *see also In re Asacol Antitrust Litig.*, Civil Action No. 15-12730-DJC, 2016 WL 4083333, at *3 n.1 (D. Mass. July 20, 2016) (because "complaint makes clear that Warner Chilcott Company LLC is an intended party,

7

the Court considered it named and analyzed the motions accordingly"). Examining the body of the complaint, it largely addresses events and misconduct already committed or being committed by NFG as of October 28, 2022. (D. 1, ¶ 13) ("Corporate Defendants have actively encouraged, incentivized, and enabled the theft of Washington Trust's valuable trade secrets.");[5] (D. 1, ¶ 17) ("Corporate Defendants opened the Needham, Massachusetts office under the business alias of Northward Financial Group for the express purpose of employing the Individual Defendants in direct competition with [the plaintiff]."); (D. 1, ¶ 89) ("Immediately after their [September 23, 2022] resignations, Individual Defendants commenced their employment with Corporate Defendants."); (D. 1, ¶ 90) ("Corporate Defendants hired Individual Defendants in knowing disregard of their post-employment obligations to Washington Trust . . . ."). Because NFG LLC was not in existence at the time of the above misconduct, it did not participate in this misconduct. Further, notwithstanding the plaintiff's contention that "no operative facts" would need to be "amended as between NFG and NFG LLC," the foregoing paragraphs and others would require amendments or modifications to clarify the misconduct engaged in by NFG LLC on or after November 14, 2022, when NFG LLC was organized and a

---

[5] The complaint defines the "Corporate Defendants" as PAG and NFG.

8

certificate of organization was filed with the Secretary of the Commonwealth of Massachusetts.[6]

Against this backdrop, the complaint's statements of continuing violations and continuing irreparable harm to support injunctive relief do not transform the references to NFG into a mistake or depict NFG LCC as the intended defendant.  Rather, NFG LLC is a new defendant.  Accordingly, the fact that the plaintiff served NFG LLC with the summons along with the complaint that named NFG does not avoid the need to amend the complaint to include NFG LLC and to serve NFG LLC, a new party, a summons with the amended complaint naming it as a defendant.  *See Hennessey*, 836 N.E.2d at 1138-1139 (factors for misnomer are service *and* complaint clearly indicating intended defendant) (emphasis added); *id.* at 1138 (noting that resolution of whether plaintiffs must effect service after amending complaint to change name of defendant "hinges on the distinction between an amendment that adds or substitutes a new defendant to a proceeding, and one that changes the designation of an existing defendant" and, indicating as to latter, that misnomer does not invalidate service of process) (citations omitted); *Bowles v. Marx Hide & Tallow Co.*, 4 F.R.D. 297, 298 (W.D. Ky. 1945) (when new parties are made defendants by amendment, as

---

[6] The plaintiff's argument that "Individual Defendants' counsel's refusal to furnish basic information and to correct Defendants' misrepresentations after repeated inquiries" (D. 54) is also not convincing.

9

opposed to correction of misnomer, service of process required); *see also* Fed. R. Civ. P. 5(a)(1)(B) ("Unless these rules provide otherwise," service on "*every* party" is required for "pleading filed after the original complaint") (emphasis added); *Brait Builders Corp. v. Mass. Div. of Cap. Asset Mgmt.*, 644 F.3d 5, 9-10 (1st Cir. 2011) (citing Fed. R. Civ. P. 5(a)(1)(B)) (stating "amended complaint must generally be served upon every party" and rejecting argument that service with summons not required).[7]

Turning to the plaintiff's request to allow leave to amend the complaint,[8] "a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." *Ufret-Vega v. Biomet Orthopedics P.R.*, Civil No. 08-1786(DRD/BJM), 2009 WL 10720110, at *2 (D.P.R. Aug. 14, 2009) (citation omitted); *see also Pérez v. Hospital Damas, Inc.*, 769 F.3d 800, 802 (1st Cir. 2014) (denying motion to amend to add Fundación Damas, Inc. as defendant in lieu of "Corporation ABC" based on undue delay under Fed. R. Civ. P. 15(a)(2)).  In lieu of the court allowing leave to amend on the current record, however, the plaintiff should file a motion for leave to amend with an attached proposed amended complaint naming NFG LLC.  *See Vazquez-McLear v. State Ins. Fund*, 2013 WL 3215469,

---

[7] The plaintiff does not develop its one-sentence argument, proffered without legal authority, that the "Motion was brought by the *Individual Defendants* rather than NFG LLC and there is no indication that the entity NFG LLC has any issue with the summons" (D. 54, p. 4).  *See Dusel v. Factory Mut. Ins. Co.*, 52 F.4th 495, 513-514 (1st Cir. 2022).

[8] *See supra* note 1.

at *4 (D.P.R. 2013) ("Requests to amend should be made by separate motion and should attach the proposed amended complaint . . . .") (citation omitted); *Partlow v. Frank*, Civ. No. 90-022-S, 1991 WL 533635, at *1 (D.N.H. Nov. 19, 1991) (stating "'common sense dictates that . . . a copy of the proposed amendment complaint' should accompany the motion" and court may deny motion to amend without prejudice "where party fails to attach a copy of the proposed amended complaint").

### III. **CONCLUSION**

In accordance with the foregoing discussion, the motion to strike the summons (D. 48) is **ALLOWED**.  The plaintiff may file a motion for leave to amend the complaint to name NFG LLC and, after being allowed, shall serve NFG LLC with the summons and a copy of the amended complaint.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: April 14, 2023