UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON TRUST ADVISORS, INC.,<br>      Plaintiff,<br><br>v.<br><br>SUSAN K. ARNOLD, RONALD D. HALTERMAN, BRETT C. LONERGAN, NICHOLAS T. ROSSIE, PRIVATE ADVISOR GROUP, LLC, and NORTHWARD FINANCIAL GROUP,<br>      Defendants. | No. 22-cv-11847-PBS |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND

CABELL, U.S.M.J.

In this trade secrets case, plaintiff Washington Trust Advisors, Inc. ("the plaintiff"), which provides wealth management and financial advisory services, filed suit against four former employees, defendants Susan K. Arnold, Ronald D. Halterman ("Halterman"), Brett C. Lonergan ("Lonergan"), and Nicholas T. Rossi (collectively "the Individual Defendants") as well as Private Advisor Group, LLC ("PAG"). The plaintiff alleges, *inter alia*, that the Individual Defendants misappropriated the plaintiff's trade secrets, solicited its clients, and violated non-competition covenants by working for a competing business

after their September 2022 resignations.  The original complaint ("the complaint") also names Northward Financial Group ("NFG") as a defendant.

On April 14, 2023, the court allowed the Individual Defendants' motion to strike a summons served on Northward Financial Group, LLC ("NFG LLC") because it was not in existence at the time the plaintiff filed suit on October 28, 2022.  The court also rejected the references in the complaint to NFG as a misnomer for the purportedly intended defendant, NFG LLC.  (D. 78).  Relatedly, the plaintiff's opposition to the motion to strike contained a brief request to grant leave to amend the complaint.  (D. 54).  In lieu of allowing the request, the court instructed the plaintiff to "file a motion for leave to amend with an attached proposed amended complaint naming NFG LLC."  (D. 78, p. 10).

Pending before the court is a motion for leave to amend the complaint to add NFG LLC as a defendant, albeit without an attached proposed amended complaint.[1]  (D. 80).  The Individual Defendants and PAG ("the defendants") argue in opposition that the motion does not comply with the court's April 14, 2023 Memorandum and Order ("the Memorandum and Order") (D. 78) and L.R. 15.1.  They

---

[1] The plaintiff explains that its counsel sought guidance from a Court Clerk. As a result of this guidance, the plaintiff understood it should file the proposed amended complaint "only after" a ruling on the motion to amend.  (D. 86, p. 5).

2

also oppose the motion based on futility. (D. 83). For the reasons that follow, the motion to amend is allowed.

## I. BACKGROUND

Prior to their resignations, the Individual Defendants served as wealth advisors for the plaintiff. As wealth advisors, they worked with the plaintiff's "clients to implement their financial goals." (D. 42, p. 2). On Friday, September 23, 2022, all four Individual Defendants submitted resignation letters stating they were "joining Northward Financial Group of Private Advisor Group." (D. 1, ¶ 16). At the time the plaintiff filed the October 28, 2022 complaint, PAG and NFG maintained separate websites. (D. 1-3, 1-4). NFG's website described PAG and NFG as "separate entities." (D. 1-4).

On November 14, 2022, a certificate of organization was filed for NFG LLC with the Secretary of the Commonwealth of Massachusetts. (D. 54-3, p. 2). In a November 28, 2022 email, PAG's counsel advised the plaintiff's counsel about the certificate of organization.[2] (D. 54-3). The certificate identifies the Individual Defendants as the four managers of NFG LLC. *See* https://corp.sec.state.ma.us/CorpWeb/CorpSearch.[3] On

---

[2] The defendants argue that the plaintiff did not comply with L.R. 15.1 in part because it knew about NFG LLC's existence as of November 28, 2022. They further assert that, notwithstanding such knowledge, the plaintiff did not file the motion to amend to add NFG LLC until April 20, 2023. (D. 83).

[3] *See Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice."); *Kader*

December 19, 2022, the plaintiff served a summons on NFG LLC along with the complaint.[4]  (D. 43).

In a January 9, 2023 email, counsel for the Individual Defendants suggested that the plaintiff amend the complaint to name the proper party, i.e., NFG LLC as opposed to NFG.  (D. 48-2).  Later that day, the Individual Defendants filed the motion to strike the summons served on NFG LLC.  Therein, they noted that the plaintiff "refused to amend its complaint to substitute NFG LLC for NFG."  (D. 48).  The plaintiff's January 23, 2023 opposition included a brief request to amend the complaint "if the Court grants any portion of the [m]otion" to strike.  (D. 54).  The plaintiff primarily argued that naming NFG rather than NFG LLC was a misnomer.  (D. 54).

As indicated, the court allowed the motion to strike on April 14, 2023.  On April 20, 2023, the deadline for filing motions to amend (D. 75, ¶ II.B) (D. 88), the plaintiff filed the motion to amend.

## II.  LEGAL STANDARD

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") is ordinarily allowed "unless there is an 'apparent or declared reason—such as undue delay, bad faith

---

*v. Sarepta Therapeutics, Inc.*, Civil Action No. 14-14318-ADB, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016).

[4] Lonergan received the summons and the complaint.  (D. 43).

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Moon v. Instant Brands LLC*, Civil Action No. 1:22-CV-11814-AK, 2023 WL 3126078, at *6 (D. Mass. Apr. 27, 2023) (citation omitted); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).  In assessing futility, the "liberal criteria of Federal Rule of Civil Procedure 12(b)(6)" apply. *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (citations omitted).  A proposed amended complaint must therefore "contain[] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citation omitted).

The defendants argue in favor of applying a stricter, good cause standard under the language of the scheduling order.  (D. 83).  The scheduling order's language states that, "[e]xcept for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be *filed after* April 20, 2023."  (D. 75, ¶ II.B) (emphasis added). By like token, a good cause standard applies under Federal Rule of Civil Procedure 16(b)(4) when a scheduling order includes a deadline to amend the pleadings.  *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013).

5

In seeking to apply the good cause standard in the scheduling order, the defendants point out that the plaintiff did not comply with L.R. 15.1 by serving NFG LLC with the motion to amend 14 days in advance of filing the motion.  From here, they extrapolate that if the plaintiff had complied with this 14-day advance notice requirement, the plaintiff would have filed the motion for leave to amend 14 days *after* April 20, 2023.  (D. 83, p. 4).  Hence, under the defendants' reasoning, a showing of good cause under the scheduling order's language is required.

The argument overlooks the plain meaning of the language in the scheduling order.  The language applies the good cause standard when the motion is "*filed after* April 20, 2023."  (D. 75, ¶ II.B) (emphasis added).  The language does not read "properly filed" or "filed in accordance with L.R. 15.1."  Rather, the language applies to "filed" motions.  The clear and unambiguous meaning of "file" is "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." *File*, Black's Law Dictionary (11th ed. 2019).  Where, as here, the language of "a court's order is clear and unambiguous, neither a party nor a reviewing court can disregard its plain language." *Negrón-Almeda v. Santiago*, 528 F.3d 15, 23 (1st Cir. 2008) (citations omitted).  The motion was electronically transmitted to the court and entered on the docket on April 20, 2023.  Hence, it was "filed" on April

6

20, 2023, as opposed to "after" April 20, 2023.  Accordingly, the scheduling order's good cause standard does not apply.

## III. DISCUSSION

As previously stated, the defendants argue that the plaintiff did not comply with L.R. 15.1 and the court's Memorandum and Order. They also maintain that the proposed amended complaint is futile. Taking into account the plaintiff's arguments to the contrary, the court addresses the defendants' arguments *seriatim*.

### A.  Local Rule 15.1

Local Rule 15.1 reads as follows:

> (a) Amendments Adding Parties.  Amendments adding parties shall be sought *as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party*.
>
> (b) Service on New Party.  A party moving to amend a pleading to add a new party *shall serve*, in the manner contemplated by Fed. R. Civ. P. 5(b), *the motion to amend upon the proposed new party at least 14 days in advance of filing the motion,* together with a separate document stating the date on which the motion will be filed.  *A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance* on the new party as required by this rule.

L.R. 15.1 (emphasis added).  The defendants assert that the plaintiff violated L.R. 15.1(a) because it did not file the motion as soon as "reasonably can be expected."  L.R. 15.1(a). They contend that the plaintiff violated L.R. 15.1(b)'s procedural requirements to serve the motion on NFG LLC at least 14 days before

7

filing the motion and to file the certificate stating such prior service.

The plaintiff counters that it acted as soon as reasonably possible because it was not apparent until the court's April 14, 2023 Memorandum and Order that it needed to amend the complaint to name NFG LLC.  Regarding L.R. 15.1(b), the plaintiff maintains that the purpose of the advance notice requirement is to give the new party (NFG LLC) sufficient notice of its possible inclusion in the lawsuit.  Because of the service of the summons and the complaint on NFG LLC, however, it "has been on notice since December 19, 2022," according to the plaintiff.  (D. 86, p. 6). The plaintiff also argues that the defendants do not identify any prejudice based on the purported noncompliance with L.R. 15.1. (D. 86).  More broadly, the plaintiff asserts the amendment will not prejudice the defendants or unduly delay these proceedings. (D. 80, 86).

Undeniably, a violation of either L.R. 15.1(a) or L.R. 15.1(b) provides a basis to deny a motion to amend to add a new party, as shown by the cases cited by the defendants.  *See Ortiz v. Mara*, 435 F. Supp. 3d 330, 332 (D. Mass. 2020) ("Ortiz has not complied with Local Rule 15.1 and for that reason alone, his motion to amend must be denied"); *Norris v. Moroney*, Civil Action 22-cv-10660-IT, 2022 WL 15523478, at *2 (D. Mass. Oct. 27, 2022) (denying pro se plaintiff's motion to add Massachusetts Parole Board as a new

8

defendant due to noncompliance with L.R. 15.1(b)); *Stuart v. Town of Framingham*, Civil Action No. 16-cv-12559-IT, 2018 WL 11241962, at *1-2 (D. Mass. Nov. 15, 2018) (finding motion to add party untimely under L.R. 15.1(a)); *Martins v. 3PD, Inc.*, Civil Action No. 11-11313-DPW, 2013 WL 1320454, at *4 (D. Mass. Mar. 28, 2013) ("failure to comply with local rules may be an independent ground" to deny motion to amend) (citations omitted).

Nevertheless, "District courts enjoy broad latitude in administering local rules." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994); *accord Morales-Figueroa v. Santos*, 989 F.3d 58, 59-60 (1st Cir. 2021) ("stating that district courts receive considerable deference in the application of their own local rules" (quoting *García-Goyco v. Law Env't Consultants, Inc.*, 428 F.3d 14, 19-20 (1st Cir. 2005))); *Rodríguez-Severino v. UTC Aerospace Sys.*, 52 F.4th 448, 457 (1st Cir. 2022) ("[D]istrict court's proximity to both the case itself and the local rules . . . 'entails "special degree of deference" to the court's interpretation of its own local rules.'") (addressing L.R. 56.1). This broad latitude extends to L.R. 15.1(a) and (b). *See Fed. Ins. Co. v. Fire Sprinkler Tech., Inc.*, Civil Action No. 1:20-cv-10403-ADB, 2021 WL 1857403, at *7 (D. Mass. May 10, 2021) (addressing L.R. 15.1(a) and noting broad latitude to administer local rules); *In re TelexFree Sec. Litig.*, Civil Action No. 4:14-md-02566-TSH, 2021 WL 5771730, at *1 (D.

Mass. Dec. 6, 2021) (recognizing broad latitude with respect to L.R. 15.1(b)). Similarly, L.R. 1.3 states that a "[f]ailure to comply with any of the directions or obligations set forth in . . . these rules *may* result in . . . sanctions *as deemed appropriate by the judicial officer*." L.R. 1.3 (emphasis added).

Here, the circumstances justify exercising the court's discretion and rejecting L.R. 15.1 as a basis to deny the motion to amend to add NFG LLC. The adoption of L.R. 15.1 by the United States District Court of Massachusetts "sought to prevent the rampant late addition of parties that 'inevitably delays [a] case and generate[s] unnecessary procedural litigation.'" *Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 3–4 (1st Cir. 2001) (emphasis added). "[T]he Reporter's Notes to the local rule amendments emphasize" that L.R. 15.1 "is not designed to undermine the liberal amendment policy of Federal Rule of Civil Procedure 15, but to provide some guidance as to when leave to amend should be 'freely given' and to encourage the early addition of parties." *Id.* at 4 n.2 (emphasis added). This case is in a nascent stage, and discovery is not set to close until September 20, 2023. (D. 88). The proposed addition of NFG LLC is an early addition of a party, albeit not as early as "reasonably can be expected" for the plaintiff's attorney "to have become aware of" NFG LLC. L.R. 15.1(a). Moreover, the addition of NFG LLC is unlikely to generate any appreciable delay because of the similar fact pattern and the similar alleged misconduct

that applies to NFG LLC and to the Individual Defendants, who are the managers of NFG LLC. Furthermore, the plaintiff did not intentionally delay filing the motion to amend given the belief of its counsel that the failure to name NFG LCC was a misnomer. *See Fed. Ins. Co.*, 2021 WL 1857403, at *7 (agreeing movant did not "add Wozny as a party as soon as it became aware of Wozny's identity" under L.R. 15.1(a), but allowing amendment because of court's discretion to administer L.R. 15.1, "fact discovery ha[d] not yet closed," and movant did not intentionally delay filing motion).

Another purpose of L.R. 15.1 "is to give new parties an opportunity to object [to] their inclusion in ongoing litigation before the Court makes" a decision. *Nat'l Fish & Seafood, Inc. v. Scanlon*, Civil Action No. 1:18-cv-11515-LTS, 2018 WL 11239440, at *2 (D. Mass. Oct. 26, 2018). To be sure, the plaintiff did not serve the motion on NFG LLC in advance of filing the motion. However, all four managers of the company, i.e., the Individual Defendants, knew about the motion on April 20, 2023. *See Langadinos v. Bd. of Tr. of Univ. of Mass.*, Civil Action No. 12-11159-GAO, 2013 WL 5507042, at *9 (D. Mass. Sept. 30, 2013) ("attorney's knowledge of contents of an answer imputed to client") (citation omitted). They, in turn, vigorously objected to the addition of NFG LLC. (D. 83). As managers and defendants, their interests align with those of NFG LLC. It is therefore doubtful

11

that service of the motion to amend in compliance with L.R. 15.1(b) on NFG LLC would have generated any additional or different reasons to deny the motion to amend. *See generally Palacio v. City of Springfield,* 25 F. Supp. 3d 163, 170 (D. Mass. 2014) (noting existing parties' "opposition to Plaintiffs' motion to amend likely sets forth all the reasons why the court could deny the motion," and rejecting argument that plaintiffs "did not follow the procedures" in L.R. 15.1(b)). In short, serving NFG LLC would have given NFG LLC an opportunity to object, but its objection would more than likely have been the same or substantially similar to the Individual Defendants' objections.

Per the foregoing and exercising the court's discretion, L.R. 15.1 and the relatively benign violations of its requirements by the plaintiff do not merit the sanction of denying the motion to amend to add NFG LLC under the circumstances.

**B.   The Memorandum and Order**

Next, the defendants argue that the plaintiff failed to comply with the Memorandum and Order. The purported violation consists of not attaching the proposed amended complaint. (D. 83). Relative thereto, the opinion reads: "In lieu of the court allowing leave to amend on the current record, however, the plaintiff should file a motion for leave to amend with an attached proposed amended complaint naming NFG LLC." (D. 78, p. 10).

12

By way of background, the plaintiff provided the defendants with a redlined copy of the proposed amended complaint during a L.R. 7.1 conference prior to filing the motion to amend. (D. 84, ¶ 3). The defendants attached the redlined copy to their opposition. (D. 83-2). The plaintiff filed a clean copy as an exhibit to a motion for leave to file a reply brief. (D. 84-2). Accordingly, although the proposed amended complaint is in the record for the court to review and consider, the plaintiff did not comply with the order to attach it to the motion to amend.

It is true that the failure provides a basis to deny the motion. *See Monroe v. Medtronic, Inc.*, 511 F. Supp. 3d 26, 40 (D. Mass. 2021) (denying motion for leave to amend because, having previously amended her complaint twice, plaintiff "failed to provide a proposed amended complaint or proffer any basis for yet another amendment") (citations omitted); *Newman v. Metro. Life Ins. Co.*, Civil Action No. 12-10078-DJC, 2013 WL 951779, at *9 (D. Mass. Mar. 8, 2013) (denying leave to amend where plaintiff "failed to provide a proposed amended complaint or articulate the basis for [her] additional claims"). The plaintiff, however, represents, and the court has no reason to doubt, that a Court Clerk indicated to the plaintiff's counsel that she should not file the proposed amended complaint or the attached exhibits until

13

the court allowed the motion for leave to amend.[5] (D. 86). Notwithstanding the plaintiff's failure to file the motion "with an attached proposed amended complaint" (D. 78, p. 10), the plaintiff did attach the proposed amended complaint to the motion for leave to file the reply brief. The violation is therefore harmless. The proposed amended complaint submitted by the defendants and the plaintiff allows the court to ascertain the changes to the complaint and render a comprehensive review of the motion.

Given the nature of the violation of the court's order, it had no effect or impact on the court's review and adjudication of the motion. Accordingly, the court declines to deny the motion on the basis of the violation of the Memorandum and Order.

## C. Futility

The defendants next argue that granting to leave to amend would be "futile because [the proposed amended complaint] does not allege any wrongdoing by NFG LLC" that post-dates the company's November 14, 2022 formation. (D. 83, p. 8). Based on a statement in the Memorandum and Order describing the complaint as "largely address[ing] events and misconduct already committed or being

---

[5] *See supra* note 1. In the future, counsel should not rely on legal advice from a court official. *See Perry v. Treseler*, Case No. 3:18-cv-30194-KAR, 2020 WL 1877877, at *4 (D. Mass. Apr. 15, 2020) ("[I]t is axiomatic that a court, which includes the clerk's office, cannot give legal advice.") (quoting *Shuler v. Duke*, Case No.: 2:16-cv-00501-RDP, 2016 WL 9650978, at *3 (N.D. Ala. Aug. 4, 2016)).

14

committed by NFG as of October 28, 2022" (D. 78, p. 8), the defendants assert that the proposed amended complaint makes only "minimal changes" to the complaint. (D. 83, p. 8). Per the defendants, the proposed amended complaint encapsulates conduct materially the same as the complaint and lacks any new or additional allegations pertaining to NFG LLC after its November 14, 2022 formation.[6] (D. 83). The court does not agree.

First, the defendants overlook the context in which the court made the observation that the complaint largely addressed events predating the formation of NFG LLC. The court made the statement merely to support the more determinative fact that NFG LLC was not "the intended defendant" but rather "a new defendant" for purposes of addressing the alleged misnomer of naming NFG. (D. 78, p. 9). Further, contrary to the defendants' construction that the court "*held* that '[b]ecause NFG LLC was not in existence at the time of the above misconduct, it did not participate in this misconduct'" (D. 83, pp. 2-3) (emphasis added) (quoting Memorandum and Order, p. 8), the court rendered no such holding. *See generally Iacobucci*

---

[6] The defendants do not endeavor to analyze the deficiency of any specific cause of action or claim in the ten-count proposed amended complaint. Rather than assess the plausibility of a particular claim, the defendants proffer a global argument that the proposed amended complaint does not "implicate NFG LLC" because it does little more than set out the allegations pled in the prior complaint, which the court viewed as largely addressing events taking place before NFG LLC existed. Adhering to the framework of this global argument, the court eschews an analysis of each cause of action for the simple reason that the defendants did not make such an argument. *See Duval v. U.S. Dep't of Veterans Affairs*, __ F.4th __, 2023 WL 3745301, at *6 n.5 (1st Cir. June 1, 2023).

*v. Boulter*, 193 F.3d 14, 19-20 (1st Cir. 1999) (explaining "trial court ordinarily is the best expositor of its own orders" and deferring to district judge's interpretation of her own order). Moreover, the court made the above-quoted statement in reference to "this misconduct," i.e., the immediately preceding cited paragraphs in the complaint (D. 1, ¶¶ 13, 17, 89-90) rather than the complaint as a whole.

Second, the proposed amended complaint distinguishes between conduct taking place before and after November 14, 2022. For example, conduct taking place after this date includes the continuation of previous conduct, such as continuing to solicit plaintiff's clients and use the plaintiff's trade secrets. Notably, the proposed pleading attributes the pre-November 14, 2022 conduct to PAG acting under the alias of Northward Financial Group. (D. 83-2, ¶¶ 17-18) ("At this time, [NFG LLC] had not yet been formed as a legal entity and PAG and the Individual Defendants were jointly and severally responsible for the actions taken under the Northward Financial Group alias."); (D. 83-2, ¶ 89) (The Individual Defendants coordinated their plan to resign with PAG and to take clients and trade secrets from the plaintiff "to PAG, acting at that time jointly with PAG under the alias Northward Financial Group"); (D. 83-2, ¶ 92) (Halterman "stole these materials . . . while jointly acting at that time with PAG under the alias Northward Financial Group as part of a united,

16

coordinated effort."); (D. 83-2, ¶ 93) ("[D]irectly after resigning, Individual Defendants solicited the plaintiff's clients to move accounts "to PAG with PAG's assistance, jointly acting at that time with PAG under the alias Northward Financial Group as part of a united, coordinated effort.").[7]  Having ascribed the pre-November 14, 2022 conduct to PAG acting under the alias of Northward Financial Group, the proposed amended complaint credits ongoing and continuing conduct to all defendants, NFG LLC "since its formation," or the corporate defendants, i.e., PAG and NFG LLC.  This conduct includes soliciting clients in an ongoing manner, misusing and disclosing trade secrets in an ongoing manner, continuing to employ the Individual Defendants, continuing to cause damage to the plaintiff, continuing to misappropriate trade secrets, and continuing to compete with the plaintiff using its trade secrets.  (D. 83-2, ¶¶ 108, 117, 119-120, 124, 126-127, 154, 159-160, 175-176, 187, 189).

Indeed, the outset of the proposed amended complaint makes clear that:  "PAG and the Individual Defendants are jointly and severally liable for all acts and/or omissions prior to November 14, 2022 that PAG and/or the Individual Defendants committed under the guise of and/or in the name of the yet-to-be-formed 'Northward Financial Group.'"  (D. 83-2, ¶ 7).  Contrary to the defendants'

---

[7] Other paragraphs similarly attribute pre-November 14, 2022 conduct to PAG acting under the alias of Northward Financial Group without mentioning NFG LLC. (D. 83-2, ¶¶ 98-102).

17

argument (D. 83, pp. 3, 8-10), the proposed amended complaint complies with the court's directive "to clarify the misconduct engaged in by NFG LLC on or after November 14, 2022, when NFG LLC was organized." (D. 78, p. 8).

To complete the analysis, the proposed amendment satisfies Rule 15(a)'s freely given standard. To the extent there was a short delay, it was not undue delay. *See Amyndas Pharms.*, 48 F.4th at 37 ("Although delay alone is not a sufficient basis for denying leave to amend, undue delay assuredly is."). Further, there is no harm or prejudice to the defendants. Importantly, the allegations against NFG LLC arise out of the same facts. The litigation is in its early stages and discovery remains open until September 2023. (D. 88).

D. **Invective Attacks**

As a final matter, the defendants assert that the plaintiff used "invective and sputtering *ad hominem* attacks against Defendants and their counsel" in the motion "because it knows its arguments are weak." (D. 83, p. 10). Without wading into the accusatory language, the court notes that the defendants' language is, at times, inappropriate and disrespectful. (D. 83, p. 11, n.5) ("Plaintiff apparently could not resist getting in one final potshot at counsel, no matter how asinine."). The court notes for both parties' edification that counsel and the parties have an "obligation to respect the dignity of the proceeding." *Koehl v.*

*Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (unpublished); *accord United States v. Venable*, 666 F.3d 893, 904 n.4 (4th Cir. 2012) (reminding counsel "such disrespectful and uncivil language will not be tolerated").

## IV.    CONCLUSION

In accordance with the foregoing discussion, the motion for leave to amend (D. 80) is **ALLOWED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  June 12, 2023